UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RODERICK CRUMEDY | * | CIVIL ACTION |
| VERSUS | * | NO. 22-4570 |
| XYZ INSURANCE COMPANY, ET AL. | * | SECTION "L" (2) |

## ORDER AND REASONS

Pending before me is a Motion to Compel Plaintiff's Independent Medical Examination filed by Defendants Darrel Nelson, Nelson's Tree Service LLC and Progressive Casualty Insurance Company. ECF No. 56. Plaintiff Roderick Crumedy timely filed an Opposition Memorandum. ECF No. 60. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Compel Independent Medical Examination is GRANTED for the reasons stated herein.

I. **BACKGROUND**

Plaintiff filed this suit for personal injuries after Darrel Nelson lowered the Nelson Tree Service truck's hydraulic steel legs down on his right foot. ECF No. 1 ¶ 8. Plaintiff added defendants' insurers by amended complaints. ECF Nos. 29, 42. United Wisconsin Insurance Company intervened to assert its subrogation interest for past and future worker's compensation payments. ECF No. 37.

Defendants now move to compel Plaintiff to submit to an independent medical examination ("IME") by Dr. James C. Butler, at 3:00 pm at his office on October 11, 2023. ECF No. 56. Defendants contend that Plaintiff placed his medical condition at issue (specifically, his right ankle, right foot, right knee and back). *Id.* at 1-2. Defendants argue that Plaintiff has sought to

1

impose improper conditions on the examination and to limit any examination of his back. Defendants summarize Plaintiff's conditions as:

> (1) Physical examination only;
> (2) Plaintiff would not supply any medical records or imaging files;
> (3) Plaintiff would not be asked to complete or sign any forms or documents;
> (4) The examination would be limited to two hours, including waiting time;
> (5) Dr. Butler would not ask any questions concerning the cause of the accident, insurance coverage or otherwise beyond that necessary to render a medical opinion;
> (6) Dr. Butler would not perform any invasive procedures or conduct any radiological or other diagnostic imaging tests;
> (7) Plaintiff would be allowed to have a friend, relative or other non-attorney attend the examination with him throughout the examination.

*Id*. at 3-4.  Plaintiff objected to examination beyond his lower extremities (i.e., his back) because he had an IME for his back with Dr. Everett Robert on September 6, 2022, in connection with his worker's compensation claim, but Defendants argue that examination was only a worker's compensation second medical opinion requested by Plaintiff's comp carrier.  *Id*. at 4; *see also* ECF No. 56-1 at 7-8.  Defendants now seek to compel Plaintiff to submit to an IME of his lower extremities and back and to preclude Plaintiff from imposing any conditions or limitations outside of the parameters of Rule 35.  ECF No. 56-1 at 5-9.

In response, Plaintiff indicates that he does not object to the examination or the examiner; rather, he seeks only to limit the scope of the examination to exclude the lumber spine and to comply with other "reasonable parameters."  ECF No. 60 at 1.  Plaintiff contends that, after he instituted a worker's compensation claim for the injuries at issue in this case, the carrier sent him for a second medical opinion/independent examination on September 6, 2022, with neurosurgeon Dr. Everett Robert who examined his spine but deferred to an orthopedic specialist to address the foot injuries.  *Id*. at 2-3.  Plaintiff indicates that his treating physicians include chiropractor Dr. Paul Gordon, podiatrist Dr. Darren Vigee, orthopedic surgeon Dr. Richard Texada, and interventional pain specialist Dr. Thomas Myers.  *Id.* at 2; *see also* ECF No. 56 at 2.

Plaintiff contends that, because Dr. Robert's (pre-suit worker's compensation examiner requested by the carrier) examination was adverse to him, Defendants' request for an IME in this case constitutes a second IME request for which Defendants cannot establish good cause. ECF No. 60, at 3. He further argues that Defendants have not established that Dr. Robert's examination was deficient or why they cannot rely on it. *Id*. at 3-4. Plaintiff argues that orthopedic surgeon Dr. Butler's back examination would be merely cumulative evidence as Defendants intend to rely on neurosurgeon Dr. Robert's opinion at trial. ECF No. 60 at 4, 5-6. Plaintiff argues that the other requested parameters are reasonable and consistent with Rule 35. *Id*. at 9-12.

## II.   APPLICABLE LAW

Rule 35(a)(1) of the Federal Rules of Civil Procedure authorizes an independent medical examination ("IME") when a party puts his mental or physical condition in controversy. The court may issue an IME order "on motion for good cause and on notice to all parties and the person to be examined" and such order must specify "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." FED. R. CIV. P. 35(a)(2). Rule 35 "should be liberally construed in favor of discovery."[1] The decision as to whether or not to order an independent medical examination under FED. R. CIV. P. 35(a) rests in the court's sound discretion.[2]

### A.   Standard for Ordering IMEs

A party seeking an IME must generally satisfy two requirements: (1) the party's physical or mental condition must be in controversy; and (2) the moving party must show good cause as to

---

[1] *Y & S Marine, Inc. v. Maza*, No. 11-1425, 2011 WL 5825715, at *1 (E.D. La. Nov. 17, 2011) (citation omitted); *see also Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2014 WL 37284, at *3 (M.D. La. Jan. 6, 2014) (citing *Barcia v. ENI U.S. Operating Co., Inc*., No. 05–4501, 2006 WL 1236053 (E.D. La. May 4, 2006) (citing *Grossie v. Fla. Marine Transps., Inc*., No. 04–0699, 2006 WL 2547047, at *2 (W.D. La. Aug. 31, 2006))); *Lahr v. Fulbright & Jaworski, L.L.P*., 164 F.R.D. 204, 207 (N.D. Tex. 1996).
[2] *Glaze v. Bud's Boat Rental, Inc.*, No. 93-1334, 1993 WL 441890, at *1 (E.D. La. Oct. 21, 1993) (citing *Coca–Cola Bottling v. Torres*, 255 F.2d 149 (5th Cir. 1958)), *aff'd*, 68 F.3d 472 (5th Cir. 1995).

why the motion should be granted.[3] The movant must affirmatively show that each condition for which examination is sought is "really and genuinely in controversy" and that good cause exists for ordering each particular examination.[4] Whether these requirements are met necessarily depends on the particular facts of the case and the scope of the examination sought.[5] Mere conclusory allegations of the pleadings are insufficient to establish good cause.[6] Generally, however, when a plaintiff asserts a mental or physical injury that places her mental or physical condition in controversy, good cause for the need of an examination to determine the existence and extent of such asserted injury is established.[7]

In assessing good cause, courts consider "whether 'a plaintiff plans to prove his claims through the testimony of expert witnesses,' if an examination would preserve the 'equal footing of the parties,' and whether the movant has 'exhausted alternative discovery procedures.'"[8] Courts look to whether the movant has shown specific facts that demonstrate the need for the information sought and lack of means for obtaining it elsewhere.[9] Although the probability of obtaining the information through other sources is pertinent to the inquiry, a plaintiff may not avoid a Rule 35 examination simply on the grounds that other sources of information, such as medical reports and statements by plaintiff's treating physicians, are available.[10] Even where a plaintiff chooses to forego the use of a specific expert, a defendant should not be compelled to limit its case to mere

---

[3] *See Acosta v. Tenneco Oil Co.*, 913 F.2d 205, 208 (5th Cir. 1990); *Y & S Marine,* 2011 WL 4807706, at *2 (citing *Schlagenhauf v. Holder*, 379 U.S. 104, 106 (1964)), *aff'd*, 2011 WL 5825715 (E.D. La. Nov. 17, 2011).
[4] *Y & S Marine,* 2011 WL 4807706, *2 (citing *Schlagenhauf*, 379 U.S. 104, 118 (1964)).
[5] *In re Oil Spill by Oil Rig DEEPWATER HORIZON,* MDL No. 2179, 2012 WL 607971, at *3 (E.D. La. Feb. 24, 2012) (quoting *Schlagenhauf*, 379 U.S. at 118)).
[6] *Guidry v. Noble Drilling Servs.*, No. 16-4135, 2018 WL 2418835, at *2 (E.D. La. May 29, 2018), (citation omitted).
[7] *Jackson v. Entergy Ops., Inc.*, No. 96–4111, 1998 WL 28272, at *2 (E.D. La. Jan. 26, 1998) (citations omitted) ("Indeed, when plaintiff has retained her own experts and intends to prove her claim at trial through their testimony, and when her mental injuries will be an important component of her damages, good cause exists to permit defendant to select its own expert to examine her.").
[8] *Guidry,* 2018 WL 2418835, at *2 (E.D. La. May 29, 2018) (citing *Lahr,* 164 F.R.D. at 200; *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412, 419 (S.D. Tex. 2012)) (Feldman, J.).
[9] *Schlagenhauf*, 379 U.S. at 118-19; *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009) (citing *Gaubert v. Mission Res. Corp.*, No. 02-0711, 2004 WL 877362, at *2 (E.D. La. Apr. 22, 2004)).
[10] *Ornelas v. Southern Tire-Mart*, 292 F.R.D. 388, 392 (S.D. Tex. 2013) (citing cases).

cross-examination, as expert testimony can be essential to afford a defendant adequate opportunity to challenge the plaintiff's claim.[11]

### B. Multiple IMEs

"So long as the 'in controversy' and 'good cause' requirements are met for each requested exam, Rule 35 does not otherwise limit the number of examinations a party may be required to undergo, nor would such a limitation be judicious."[12] Rather, each request for an IME must turn on its own facts, and the number of authorized examinations depends solely upon the circumstances underlying the request.[13] The number of examinations should be held to the minimum necessary considering a party's right to privacy and the need for the court to have accurate information.[14] Thus, a second examination will not be necessary if there has already been an examination and report that will enable the defendant to adequately defend the suit.[15]

When the moving party has already obtained an IME, courts require a stronger showing of necessity, and the party seeking the examination always bears the burden of showing good cause to order additional examinations.[16] Before authorizing a second IME, the court must determine whether the defendant has already obtained an examination and report enabling a sufficient defense of the plaintiff's claims.[17] Multiple IMEs are generally authorized, however, when there are

---

[11] *Id*. (citing *Womack v. Stevens Transp., Inc*., 205 F.R.D. 445, 447 (E.D. Pa. 2001) (internal quotations omitted)).
[12] *Id*. at 392 (citing *Sadler v. Acker*, 263 F.R.D. 333, 336 (M.D. La. 2009); *Peters v. Nelson*, 153 F.R.D. 635, 637 (N.D. Iowa 1994)); *see also Jackson*, 1998 WL 28272, at *2; *Moore v. Calavar Corp.*, 142 F.R.D. 134, 135 (W.D. La. 1992).
[13] *Jackson*, 1998 WL 28272, at *2 (citation omitted).
[14] *Sapp v. Wood Grp. PSN, Inc.*, No. 15-3, 2015 WL 12670377, at *2 (E.D. La. Nov. 17, 2015) (citations omitted).
[15] *Glaze,* 1993 WL 441890, at *1 (affirming magistrate judge's decision not to require second IME by physician selected by later-added co-defendant where earlier defendant's expert report supported new defendant's position and new defendant made no showing that plaintiff's condition changed) (citing *DeCrescenzo v. Maresk Container Serv. Co.*, 741 F.2d 17, 21 (2d Cir. 1984)), *aff'd,* 68 F.3d 472 (5th Cir. 1995).
[16] *Case v. JFP Offshore, Inc.*, No. 95–3239, 1996 WL 210720 at *1 (E.D. La. April 29, 1996) (Wilkinson, M.J.) (noting that a stronger showing of necessity is generally required for a second IME when the moving party has already obtained an IME in that same specialty).
[17] *Roberts v. AC Marine, Inc.*, No. 12-2317, 2013 WL 1814923, at *3 (E.D. La. Apr. 29, 2013) (citing *DeCrescenzo*, 741 F.2d at 21; *Glaze,* 1993 WL 441890, at *1; *Bowie v. Am. Home Assurance Co.*, No. 5-1381, 2008 WL 2050991, at *3 (M.D. La. May 13, 2008)). Rule 35 does not authorize a party to shop for examiners in the same field of expertise until the most favorable one is located. *Id.* (citing *Case*, 1996 WL 210720 at *1). Moreover, additional IMEs are not supported when no changed circumstances exist. *See Davis v. Baker Hughes Oilfield Ops., Inc.*, No. 05-2679, 2007

(1) separate injuries that call for examination by distinct medical specialties; (2) a physician requires assistance of other consultants before he can render a diagnosis; (3) the first examination was inadequate or incomplete; or (4) substantial lag time has passed between the initial examination and the trial.[18] An additional examination in the same area of expertise will not be necessary when cumulative or duplicative of other examinations that sufficiently enable the defendant to adequately defend the suit.[19]

### C. Parameters for IME

Although Rule 35 requires that the parties specify the scope of the examination, Defendants have simply indicated a desire to examine Plaintiff with regard to the alleged injuries to his foot, ankle, knee and back. ECF No. 56; No. 56-1. While the failure to specify the precise details of the examination could justify denial of the motion, courts regularly grant requests for examination and order the parties to confer regarding the specifics or obtain a further order specifying the details for the examination.[20] While the Court does not intend to intervene or limit the type of examination Dr. Butler determines ins necessary to render an opinion, Plaintiff is entitled to notice of what types of tests or assessments will be administered.

Courts regularly recognize the need for an independent medical examiner to obtain

---

WL 1558721 (E.D. La. May 29, 2007) (finding another IME not justified where plaintiff's complaints were the same before the first IME and he simply alleged the condition got worse); *Booth v. Mohave Transp. Ins. Co.*, No. 13-6746, 2014 WL 3881203 (E.D. La. Aug. 6, 2014) (denying second IME where doctor recommended cervical fusion when plaintiff maintained he suffered from cervical neck injury from inception of the action and no new medical evidence warranted second IME because surgical recommendation alone does not constitute change in circumstances where the pain complaints are not remarkable); *Moore*, 142 F.R.D. at 134 (denying second IME where treating physicians changed their opinions about surgery but there was no change in plaintiff's complaints or the clinical findings and thus second IME would not shed any clarifying light on the dispute); *Mayfield v. Cont'l Underwriters, Ltd.*, No. 06-2165, 2007 WL 4522602 (W.D. La. Dec. 14, 2007) (denying request for third IME by same physician where examination would not be directed to new or different injury and there was no evidence that prior examination was inadequate or incomplete).
[18] *Moore*, 142 F.R.D. at 135 (citations omitted); *Mathias v. Omega Protein, Inc.*, No. 10-2835, 2011 WL 1304000, *3 (E.D. La. 2011).
[19] *Sapp*, 2015 WL 12670377, at *2 (E.D. La. Nov. 17, 2015) (citing *DeCrescenzo*, 741 F.2d at 21). For this reason, the court denied the second IME request in *Baggs v. Highland Towing, LLC*, No. 99-1318, 1999 WL 539459 (E.D. La. July 22, 1999) (denying IME with second physician in same specialty field selected by counsel after client's claims adjuster previously required plaintiff to submit to an IME).
[20] *Ornelas*, 292 F.R.D. at 398 (collecting cases).

information through plaintiff's responses to history questionnaires and intake forms and for plaintiff to provide that information independently and without the assistance of counsel.[21] IMEs typically include obtaining medical history, an interview, a physical examination, x-rays or other appropriate testing.[22] These cases recognize the need for the examining physician to obtain this information directly from plaintiff, independent of any assistance of counsel.

The duration of an examination varies depending on the particulars of the examination, with courts approving examinations extending from three to fourteen hours.[23] Without the specifics as to the anticipated length of time needed by the examiner, courts are reluctant to impose arbitrary time limitations for fear that an arbitrary timeline will interfere with Rule 35's purpose.[24] Courts typically expect that the examining physician will conduct the examination in the time reasonably needed to assess plaintiff's physical condition as necessary to render an expert medical opinion.[25] Given that the examination is scheduled for 3:00 p.m., it is unlikely that the examining physician intends to spend an excessive amount of time on the examination.

Courts typically require "special circumstances" that call for a protective order tailored to the specific problems presented when a party seeks the presence of a third party or to record the

---

[21] *See, e.g., Casmier v. Cincinnati Ins. Co.*, No. 16-13621, 2017 WL 4866682, at *2 (E.D. La. July 14, 2017) (allowing plaintiff's counsel to view a list and description of documents but not allowing counsel to assist in completing any of the forms, which were to be completed by plaintiff upon arrival for his appointment); *Rogillio v. Crescent Towing & Salvage Co., Inc.*, No. 14-1801, 2015 WL 1412160, at *3 (E.D. La. Mar. 26, 2015) (allowing counsel to view the forms but requiring them to be given to plaintiff and completed upon his arrival at the appointment); *Carlin v. United Specialty Ins. Co.*, No. 17-1107, 2018 WL 3118682, at *2 (M.D. La. June 25, 2018) (finding it appropriate to require plaintiff to complete all reasonable paperwork and answer all reasonable questions about medical history, without assistance of counsel).

[22] *See, e.g., Bruce v. Baywater Drilling, LLC*, No. 16-168, 2016 WL 3149719, at *3 (M.D. La. June 3, 2016) (specifying that examination may include medical history, interview, physical examination, x-rays or other appropriate testing); *Carney v. USAA Gen. Indem. Co.*, No. 21-602, 2022 WL 2517187 (M.D. La. July 6, 2022) (ordering IME that will include all proper questions, including written or oral response to questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, prior accidents, falls, injuries or disease, necessary to render an opinion).

[23] *Ornelas*, 292 F.R.D. at 399 (collecting cases).

[24] *Id*. (citations omitted).

[25] *Id*.; *see also Calderon v. Reederei Claus-Peter Offen GmbH & Co.*, 258 F.R.D. 523, 529 (S.D. Fla. 2009) (citing *Morton v. Haskell Co.*, No. 94–976, 1995 WL 819182, at *3 (N.D. Fla. Sept. 12, 1995) (declining to limit duration of examination; "[t]here is no claim that the psychologist chosen by defendant will abuse the proper purpose of the mental examination and no basis to conclude that a one hour examination will fit the circumstances of this case.").

examination.[26] The party seeking the presence of a third party at a Rule 35 examination bears the burden of convincing the court that good cause exists for a protective order and that a third-party presence is necessary.[27] Allegations of harm unsubstantiated by specific examples do not satisfy Rule 26(c).[28] Where there is no reason to believe improper or harmful techniques may be used or that there is a risk of miscommunication, courts will not allow the presence of third parties.[29] Courts reason that having an observer "would constitute a distraction during the examination and work to diminish the accuracy of the process . . . thereby compromising the results of the examination."[30] Further, where the plaintiff has been examined by his own expert outside of the presence of observers, "the defendant should be afforded the same opportunity."[31]

### III.    ANALYSIS

Plaintiff has placed his physical condition (specifically, his foot, ankle, knee and back) in controversy by seeking to recover damages for those injuries allegedly resulting from Defendants' negligence. Given that Plaintiff has identified his own orthopedic surgeon, a medical examination by an orthopedic surgeon could adduce facts relevant to the existence and extent of the alleged injuries and to "level the playing field," in accordance with Rule 35. Notably, Plaintiff does not object to Dr. Butler's examination entirely; rather, he objects only to the extent Dr. Butler's examination includes his back as well as his foot, ankle and knee. As such, the issue in this case

---

[26] *Calderon*, 258 F.R.D. at 526; *Thomas v. Edison Chouest Offshore, LLC*, No. 15-3487, 2017 WL 467680, at *2 (E.D. La. Feb. 3, 2017) (citing *Favale v. Roman Cath. Diocese of Bridgeport*, 235 F.R.D. 553, 556-557 (D. Conn. 2006); *EEOC v. Grief Brothers Corp*., 218 F.R.D. 59, 63-64 (W.D.N.Y. 2003); *see Ferrell v. Shell Oil Co*., No. 95-0568, 1995 WL 688795, at *2 (E.D. La. Nov. 20, 1995) ("The federal rules are clear that, except for interviews permitted under Rule 35, interviews are to be allowed only in the presence of counsel.") (quoting *Acosta v. Tenneco Oil Co*., 913 F.2d 205, 210 (5th Cir. 1990))). *Acosta* was decided before the 1990 amendments to Rule 35, which now governs.
[27] *Ornelas*, 292 F.R.D. at 395 (citing *Calderon*., 258 F.R.D. at 526).
[28] *Id.* (citing *Bridges*, 850 F. Supp. at 223).
[29] *Thomas*, 2017 WL 467680 at *2 (citing *Favale*, 235 F.R.D. at 556; *EEOC*, 218 F.R.D. at 64).
[30] *Ornelas*, 292 F.R.D. at 396 (citing *Calderon*, 258 F.R.D. at 527 (quoting *Romano v. II Morrow, Inc*., 173 F.R.D. 271, 274 (D.Or. 1997); *see also Bethel*, 192 F.R.D. at 324 (quoting *Shirsat v. Mut. Pharm. Co., Inc*., 169 F.R.D. 68, 70 (E.D. Pa. 1996)).
[31] *Favale*, 235 F.R.D. at 557.

does not create the same potential privacy concerns as would a request for an IME by an entirely different and additional physician.

Regardless, the Court rejects Plaintiff's argument that Defendants' request for their IME expert Dr. Butler to include in his examination an assessment of Plaintiff's back constitutes a "second" IME because the worker's compensation carrier's examination by neurosurgeon Dr. Everett Robert was not a Rule 35 examination by an orthopedic surgeon. Indeed, courts consistently reject the notion that a worker's compensation carrier's pre-suit examination precludes an IME by the defendant in a later suit.[32] Moreover, although orthopedic surgeons and neurosurgeons both treat cervical injuries, courts recognize that orthopedic surgery and neurosurgery are nonetheless distinct specialties.[33] An IME from a physician in one specialty does not preclude an IME from one in the other specialty. Given Rule 35's goal of attempting to provide a level playing field between the parties in their respective efforts to appraise plaintiff's physical state and the fact that Plaintiff's treating physician is an orthopedic surgeon, Defendants will be allowed to consult with an expert in that same specialty.[34]

---

[32] *See, e.g.*, *All Coast LLC v. Shore Offshore Servs., LLC*, No. 21-258, 2023 WL 4996551 (E.D. La. July 7, 2023) (rejecting argument that pre-suit worker's compensation examination constituted IME and finding spoliation and recommending sanctions against Plaintiff who underwent surgery after Defendants requested an IME); *Broussard v. Farmers Tex. Cnty. Mut. Ins. Co.*, No. 19-603, 2021 WL 6091795, at *3 (W.D. La. Nov. 9. 2021) (rejecting argument that comp carrier's expert should be deemed defense expert for purposes of establishing good cause for Rule 35 examination because intervenor only recovers if plaintiff recovers and is commonly aligned with plaintiff); *Bruce v. Baywater Drilling, LLC*, No. 16-168, 2016 WL 3149719, at *3 (M.D. La. June 3, 2016) (rejecting argument that pre-suit examination by physician chosen by worker's compensation carrier constitutes a first examination because a pre-suit worker's compensation examination is not conducted under Rule 35); *Rolfe v. Ace Am. Ins. Co.*, No. 19-720, 2019 WL 5914817 (W.D. La. Dec. 14, 2021) (rejecting argument that worker's compensation carrier's physician is equivalent of Rule 35 expert because he was not selected by defendant, his assigned duties were not aligned with the type of expert assistance needed by the defendant, and a defendant's expert is not required to rely on testing or other information by other experts in rendering his report). *Cf. Y & S Marine, Inc.*, 2011 WL 4807706, at *2–3 (recognizing that a party's satisfaction of its cure obligation, including referral to designated physician, does not constitute an IME) (citations omitted).

[33] *Vizier v. Crescent Marine Towing, Inc.*, No. 13-6472, 2015 WL 711808, at *2 (E.D. La. Feb. 18, 2015) (Vance, J.); *see also Monroe*, 2008 WL 987196, at *3 (noting that orthopedic surgeons specializing in the spine are arguably of the same or similar specialty of neurosurgeons); *Fayard v. Tire Kingdom, Inc.*, No. 09-171, 2011 WL 2470468, at *1 (M.D. La. June 21, 2011) (denying motion to exclude one medical expert where experts practice in substantially different fields: orthopedic surgery and neurosurgery) (Jackson, J.).

[34] *Dennis v. Clam C's Inc.*, No. 10-876 (E.D. La. Nov. 10, 2010) (granting motion to compel second IME by neurologist after recommendation for possible surgery after prior orthopedic IME).

Plaintiff also asks to impose the following conditions on Dr. Butler's Rule 35 examination:

- Physical examination only (and excluding paperwork); Dr. Butler will not ask any questions concerning the cause of the accident, insurance coverage or other questions beyond that necessary to render a medical opinion;
- Plaintiff will not be asked to supply any medical records or imaging files or to complete or sign any forms or documents;
- Dr. Butler will not perform any invasive procedures or conduct any radiological or other diagnostic imaging tests;
- The examination will be limited to two hours, including waiting time;
- A friend, relative or other non-attorney will be allowed to attend the examination.

ECF No. 60 at 9-12.

Plaintiff cites no authority to support this assertion that Rule 35 precludes an examining physician from obtaining relevant history from the plaintiff.  In this case, Defendants provided Plaintiff's counsel with a copy of all IME forms that Dr. Butler requires be completed in his office at the time of the IME.[35]  Contrary to Plaintiff's argument, none of these forms are indicative of any "transparent trap designed to exploit any inadvertent error in the forms' completion." ECF No. 60 at 10.  Further, courts regularly recognize that an IME may include obtaining medical history, an interview, a physical examination, x-rays or other appropriate testing, without the assistance of counsel.  Therefore, Plaintiff's request that he not be asked to complete or sign any forms or documents is denied.

Plaintiff's request that he not be asked to supply any medical records or imaging files, however, is reasonable given that all of his medical records or imaging files have already been provided to Defendants.  As such, Defendants may supply Dr. Butler with whatever information he deems relevant and necessary to render his opinion.  Likewise, Defendants have not specified the scope or extent of the examination to be performed by Dr. Butler or even that entailed in his routine independent medical examination nor have they specified the anticipated duration of the

---

[35] ECF No. 56-9.  These forms consist of seven single page documents: (1) patient information sheet; (2) initial medical history; (3) drug, allergy and medication information; (4) family history; (5) medical condition history; (6) chief complaint questionnaire; and (7) pain diagram picture. ECF No. 60-3, at 1-7.

10

examination. Dr. Butler is authorized to conduct any physical examination deemed necessary and consistent with the routine procedures of an orthopedic surgeon to assess Plaintiff's medical condition and any alleged injuries related to the accident at issue and the nature and extent of past and future treatment. To the extent Dr. Butler believes that any additional diagnostic imaging or invasive procedures is necessary for him to render an opinion, Defendants must identify same and obtain a supplemental order specifically authorizing same.

Defendants do not address Plaintiff's request to limit the examination to two hours. Given that the appointment is scheduled for 3:00 pm, it is unlikely that it is anticipated to exceed two hours. That said, the court is not inclined to impose a two-hour limitation without any input from Dr. Butler as to the reasonable length of time that he anticipates is needed to conduct his examination of Plaintiff's foot, ankle, knee and back. In the event that the examination (not including waiting time) is expected to exceed two hours, the parties are directed to contact the undersigned to determine a reasonable time limitation.

Plaintiff's request to allow a third person to be present and take notes during the examination is denied. Plaintiff identifies no special circumstances that would justify such a condition.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Compel Independent Medical Examination (ECF No. 56) is GRANTED.

IT IS FURTHER ORDERED that the Rule 35 examination of Plaintiff shall proceed in accordance with the following:

> (1) Plaintiff, Roderick J. Crumedy, shall submit to an examination by orthopedic surgeon Dr. James C. Butler at his office located at 1150 Robert Road, Suite 240, Slidell, Louisiana 70458 on Wednesday, October 11, 2023 at 3:00 p.m. Such examination shall include any physical examination deemed necessary by Dr.

11

Butler and consistent with the routine procedures of an orthopedic surgeon to assess Plaintiff's medical condition and any alleged injuries related to the accident at issue and the nature and extent of past and future treatment, if any, is needed.  Any additional diagnostic imaging or invasive procedures necessary to render an opinion must be identified in a supplemental order authorizing same.

(2) At the time of the examination, Plaintiff shall answer all proper questions submitted to him, whether in writing or orally, including but not limited to, questions regarding occupational history, medical and family history, pain, prior surgeries, daily activities, any prior accidents, falls, injuries or diseases, and pain, all for the purpose of making a proper diagnosis of Plaintiff's respective conditions.

(3) No individuals other than Plaintiff, Dr. Butler, and Dr. Butler's staff will be permitted to be present during the examination. No audio or video recording of the examination will be permitted.

(4) In the event that the examination is anticipated to exceed two hours, the parties are directed to contact the undersigned to determine a reasonable time limitation.

New Orleans, Louisiana, this __27th__ day of September, 2023.

*[signature]*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE